AETNA INSURANCE
COMPANY, Appellant,

v.

Ernest Lee KNOWLES, Appellee.

Court of Appeals of Kentucky.

Aug. 22, 1986.

Rehearing Denied Oct. 10, 1986.

Case Ordered Published Dec. 5, 1986.

Benjamin J. Hays, Winchester, for appellant.

Alice L. Bradshaw, Winchester, for appellee.

Before GUDGEL, HOWERTON and MILLER, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Powell Circuit Court in an action on an insurance policy. Appellant contends that the court erred by failing to limit appellee's recovery under the policy in accordance with the terms of the policy's limitation of liability provision. We agree. Hence, we reverse and remand.

Appellee applied for insurance on his 1982 tobacco crop. In his application, he indicated that he had a ASCS allotment of 12,840 pounds. He sought insurance on seven acres of tobacco with a per acre limit of insurance of $2,857.15, or a maximum limit of $20,000. Appellant issued appellee a policy on September 27, 1982. An endorsement form was attached to and made a part of the policy. Section V(c) of the form provided for the following limitation on the company's liability under the policy:

"This Company shall not be liable for loss of, or damage to, any harvested tobacco which, if it had been sold at auction in the marketing season for the year in which the crop was grown, would have been in excess of the poundage of the insured entitled to full support that year under the Agricultural Adjustment Act of the United States."

On December 18, 1982, a barn and a portion of appellee's insured tobacco crop were destroyed by fire. A dispute subsequently arose as to whether appellant was liable to appellee for the value of that part of the destroyed tobacco which was in excess of appellee's total poundage allotment for that year. At trial, the evidence showed that although appellee had a 3841-pound allotment for 1982, he had sold all but 901 pounds of that allotment prior to the fire. Appellee argued, however, that since he had intended to "lease in" from other persons all the remaining pounds of tobacco above his allotment which were stored in the barn and therefore would eventually have legally sold all of the stored tobacco, the excess poundage was covered by the policy. Moreover, he convinced the court, over appellant's objection, to instruct the jury based on this theory. The jury returned a verdict for appellee and awarded him an amount equal to the value of all the pounds of tobacco destroyed in the fire. This appeal followed.

Appellant argues that the court erred by not limiting appellee's recovery under the policy to the value of 901 pounds of tobacco, that being the amount of tobacco appellee had a vested legal right to sell on the date of the fire. We agree.

Contrary to appellee's suggestion, we find nothing ambiguous in the language of the policy's limit of liability clause. Moreover, we fail to perceive that the fact appellee may have intended and expected to "lease in" the remaining tobacco stored in the barn is of any legal significance. The parties' respective rights and duties under the policy became fixed on the date the fire loss occurred, and could not be determined by reference to future events. As we view the matter, although appellee may have had more than 901 pounds of insured tobacco at a later date due to "leasing in," he could not rely upon that mere expectancy to somehow increase the amount of his insurance coverage on the date of the fire loss any more than a homeowner could rely upon an intention to construct a $10,000 addition to a home to somehow increase the amount of homeowner's insurance coverage for a fire loss which occurred before that addition was constructed.

The applicable clause in appellant's policy clearly and unambiguously limited appellant's liability under the policy to the value of any tobacco appellee was legally entitled to sell on the date the fire loss occurred. We conclude, therefore, that the trial court erred by failing to recognize and enforce this limitation.

The court's judgment is reversed and remanded for further proceedings consistent with this opinion.

All concur.